IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-14-13 |
| | § | |
| BRANDON JAMAL GARNER | § | |

## ORDER

Pending before the Court is defendant's motion for compassionate release. (Docket Entry No. 101). Defendant is represented *pro bono* by counsel in this proceeding.

The Court notes that defendant asks this Court to rule on his motion as an *indicative* ruling pursuant to Rule 37 of the Federal Rules of Criminal Procedure. (Docket Entry No. 101, p. 3 n.1.) Defendant reports that his appeal in this case is pending before the Fifth Circuit Court of Appeals, which would deprive this Court of jurisdiction to adjudicate the merits of his motion. Defendant argues that this Court should indicate to the Fifth Circuit pursuant to Rule 37 that it would grant the motion for compassionate release should the Fifth Circuit remand the case for that purpose. *Id*.

If a timely motion is made for relief that the district court lacks authority to grant because of a pending appeal, Rule 37 allows the court to defer considering the motion, deny the motion, or notify the court of appeals that it would grant the motion if the court of appeals remands for that purpose. Upon remand, the district court may then decide the motion.

A review of this Court's docket shows that, on March 12, 2020, defendant filed a *pro se* motion entitled, "Appealing Denial of 18 U.S.C. 3582(c)(1)(A) Release/Compassionate Release." (Docket Entry No. 89.) In retrospect, it appears defendant was seeking affirmative relief from this Court following the federal prison's denial of his administrative compassionate release request, and

was not appealing a ruling by this Court. Nonetheless, defendant indicated that he was appealing a denial of relief, and the pleading was docketed and processed as a notice of appeal in this case.

The Fifth Circuit docketed the appeal on March 17, 2020, under *United States v. Garner*, No. 20-20134. Because the notice of appeal was unsigned, the Fifth Circuit mailed a copy of the pleading to defendant and ordered him to sign and return it by April 23, 2020. To-date, the Fifth Circuit's docket does not reflect a signed copy of the notice of appeal.

Defendant's failure to comply with the Fifth Circuit's order leaves his appeal subject to dismissal for failure to prosecute. *See*, *e.g.*, *Porter v. Exxon Mobile Corp.*, 705 F. App'x 300 (5th Cir. Dec. 1, 2017). Moreover, his failure to appeal any order, ruling, or judgment entered by this Court may subject his appeal to dismissal for lack of jurisdiction. The Court proffers these observations not as anticipations of the Fifth Circuit's likely actions, but to point out how these jurisdictional defects place defendant's Rule 37 motion, and this Court, in a procedural quandary.

If defendant is to obtain relief under Rule 37, two rulings by two courts must be made: (1) this Court must enter an indicative ruling that it would grant defendant's motion for compassionate release, and (2) the Fifth Circuit must remand defendant's appeal for that purpose. Given the present posture of defendant's appeal, it is unclear whether the Fifth Circuit would have jurisdiction to remand – versus dismiss – defendant's appeal. If the Fifth Circuit were unable to remand this case, then a ruling by this Court granting relief would become not *indicative*, but *advisory*.[1]

---

[1] That federal courts may not issue advisory decisions is a long-standing jurisdictional rule reflected as early as 1793 when the Supreme Court refused to issue an advisory opinion for President George Washington. *See Letter from Supreme Court Justices to George Washington* (Aug. 8, 1793), in 13 THE PAPERS OF GEORGE WASHINGTON, PRESIDENTIAL SERIES 392–93 (Christine Sternberg Patrick ed., 2007).

The Court is unwilling to place itself in such a tenuous position. Defendant's motion, insofar as it seeks an indicative ruling, is DENIED. In the alternative, the Court DEFERS CONSIDERATION of the motion, as the Court would require a response from the government before ruling on the merits of defendant's motion.

Defendant's motion, insofar as it seeks affirmative relief under 18 U.S.C. § 3582(c)(1)(A) at this time, is DISMISSED WITHOUT PREJUDICE for want of jurisdiction. Defendant may re-urge his motion for affirmative relief following final disposition of his pending appeal.

Signed at Houston, Texas on June 1, 2020.

_____
Gray H. Miller
Senior United States District Judge