IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION H-14-13 |
| v. | § | |
| | § | CIVIL ACTION H-20-0302 |
| BRANDON JAMAL GARNER | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is defendant's *pro se* motion to vacate, set aside, or correct his sentence under section 2255. (Docket Entry No. 83.) The Government filed a response, arguing that defendant's motion is barred by limitations and, in the alternative, by the collateral waiver in his plea agreement. (Docket Entry No. 88.)

Having considered the motion, the response, the record, and the applicable law, the Court DISMISSES defendant's section 2255 motion as barred by limitations.

*Background and Claims*

On February 19, 2015, defendant pleaded guilty pursuant to a written plea agreement to one count of Hobbs Act robbery under 18 U.S.C. § 1951(a) and two counts of brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii). The Court sentenced him to 430 months' imprisonment on October 16, 2015. Judgment of conviction was imposed on October 16, 2015, and entered on October 21, 2015. Defendant's appeal was summarily dismissed by the Fifth Circuit Court of Appeals on August 3, 2016, as foreclosed by the written plea agreement, and mandate issued on August 25, 2016.

Defendant filed the instant section 2255 motion no earlier than November 26, 2019, challenging his sentence under *United States v. Davis*, ___U.S.____, 139 S. Ct. 2319 (June 24, 2019). He claims that his motion is timely under section 2255(f)(3) because he filed it within one year after *Davis* was issued.

The Government correctly argues that *Davis* has no application to defendant's convictions and sentences, and that the section 2255 motion should be dismissed as barred by the applicable one-year statute of limitations under section 2255(f)(1).[1]

### *Legal Standards*

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or

---

[1]The Court notes that defendant's section 2255 motion fails to comply with the requirements of Rule 2 of the Rules Governing Section 2255 Proceedings For the United States District Courts. Rules 2(b)(5) and 2(c) require that section 2255 motions be signed under penalty of perjury by the movant and substantially follow the approved forms. Defendant's motion meets neither of these requirements. However, because the motion is barred by limitations, the Court will address the motion notwithstanding its non-compliance with the Rules.

jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

The pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney, and are provided a liberal construction. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition . . . to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

## *Analysis*

The one-year limitation for section 2255 proceedings is governed by section 2255(f). Under section 2255(f)(1), a section 2255 motion is due one year from "the date on which the judgment of conviction [became] final." Here, the Fifth Circuit issued mandate in defendant's appeal on August 25, 2016, and defendant did not pursue a writ of certiorari in the Supreme Court. Thus, his convictions became final on November 23, 2016, ninety days after mandate issued, and limitations expired one year later, on November 24, 2017. *See Clay v. United States*, 537 U.S. 522, 527–32 (2003). Defendant's motion, filed no earlier than November 26, 2019, is untimely by over two years.

Defendant argues that his motion is timely under section 2255(f)(3). Under that provision, a section 2255 motion is due one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Defendant claims that the Supreme Court's decision in *Davis*, issued on June 24, 2019, meets the requirements of section 2255(f)(3) and his motion is timely.

Defendant was convicted of brandishing a firearm during a crime of violence under section 924(c)(1)(A)(ii). Section 924(c) makes it a crime to use or carry a firearm during and in relation to, or to possess a firearm in furtherance of, a "crime of violence." Section 924(c)(1)(A). A federal felony offense is a "crime of violence" under 924(c)(3)(A) if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." A felony offense may also be a "crime of violence" under the residual clause of section 924(c)(3)(B) if it "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

In *Davis*, the Supreme Court held the definition of a "crime of violence" in the residual cause of 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague. Defendant in the instant case, however, was convicted and sentenced for a "crime of violence" under the elements clause of section 924(c)(3)(A), not the residual clause of section 924(c)(3)(B). The qualifying "crime of violence" for defendant's convictions was Hobbs Act robbery, which the Fifth Circuit recognizes is a "crime of violence" under the elements clause of section

924(c)(3)(A). *See, e.g., United States v. Bowens*, 907 F.3d 347, 353 (5th Cir. 2018); *United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017); *United States v. Garcia*, 735 F. App'x 837, 838 (5th Cir. 2018) (unpublished).

Because defendant's convictions involved a "crime of violence" under the elements clause of section 924(c)(3)(A), the Supreme Court's decision in *Davis*, and thus section 2255(f)(3), do not apply. Defendant's section 2255 motion is barred by limitations under section 2255(f)(1) and must be dismissed with prejudice.

### *Conclusion*

Defendant's section 2255 motion (Docket Entry No. 83) is DISMISSED WITH PREJUDICE as barred by limitations. A certificate of appealability is DENIED.

The ancillary civil case, C.A. No. H-20-0302 (S.D. Tex.), is ORDERED ADMINISTRATIVELY CLOSED.

Signed at Houston, Texas on November 30, 2020.

Gray H. Miller
Senior United States District Judge