United States District Court
Southern District of Texas
**ENTERED**
September 05, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-14-13 |
| | § | |
| BRANDON JAMAL GARNER | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is defendant Brandon Jamal Garner's counseled motion for a compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) (Docket Entry No. 120). The Government was ordered to file a response. Although no response was filed, the Government has informed the Court that it does not oppose the motion.

Having considered the motion, the record, the Government's lack of opposition, and the applicable law, the Court GRANTS defendant's motion for a compassionate release, REDUCES his sentence of confinement to time served, and ORDERS him released from custody within THIRTY DAYS from date of this order.[1]

*Background and Claims*

Defendant is a 38-year old male currently confined at FMC Fort Worth, a Bureau of Prisons ("BOP") medical facility in Fort Worth, Texas. During March through November 2012, defendant committed seven armed robberies of retail stores in the Houston area. He pleaded guilty in February 2015 to interference with commerce by robbery and two counts

---

[1] To be clear, all other portions of defendant's sentence remain intact, including his five-year term of supervised release following his release from BOP custody.

of use of a firearm during the commission of a violent crime. The Court sentenced him in October 2015 to an aggregate term of 430 months' imprisonment, followed by a five-year term of supervised release. The BOP currently reports defendant's anticipated release date as June 18, 2044.

In May 2018, while serving his sentence at FCI Three Rivers, Texas, defendant was injured while playing basketball during recreation time when he collided with other inmate players. He sustained a C5-6 vertebral subluxation with spinal cord injury, leaving him a quadriplegic confined to a BOP medical facility for 24-hour nursing care. According to his motion and medical records, he is confined in bed or a motorized wheelchair for most of his waking time, and requires round-the-clock care and assistance with all activities of daily living. His condition is permanent.

In the instant motion, defendant argues he is eligible for a compassionate release because he suffers from a serious physical and medical condition that substantially diminishes his ability to care for himself while incarcerated and he will not recover from this condition.[2]

---

[2] Defendant also argues, in the alternative, that he is eligible for a compassionate release under the "unusually long sentence" provision of amended U.S.S.G. § 1B1.13(b)(6). Because the Court is granting relief under the medical condition provision of U.S.S.G. § 1B1.13(b)(1)(B)(i), it will pretermit consideration of defendant's alternative argument. Regardless, eligibility under section 1B1.13(b)(6) requires defendant to have served "at least 10 years of the term of imprisonment" imposed by the Court. As he was sentenced on October 16, 2015, he has not yet served at least ten years of the 430-month term of imprisonment imposed by the Court.

Defendant requests that the Court grant his motion for a compassionate release, reduce his sentence to time served, and release him to his family's care.

## *Analysis*

The Court has the authority under 18 U.S.C. § 3582(c)(1)(A)(i) to reduce defendant's sentence of confinement if (i) extraordinary and compelling reasons warrant the reduction, (ii) such reduction fulfills the factors set forth in 18 U.S.C. § 3553(a), (iii) the reduction is consistent with the Sentencing Commission's applicable policy statements, and (iv) defendant's motion for a reduction is filed with the Court after a lapse of 30 days after he submitted his request to the warden of his facility.

### *Exhaustion*

Defendant states that he filed his request with the warden of his facility in March 2024 and that over thirty days have expired without a response. The Court finds that defendant exhausted his administrative remedies prior to filing his motion, and that the motion is ripe for disposition.

### *Medical Circumstances*

Defendant states that extraordinary and compelling reasons exist for his compassionate release under amended U.S.S.G. § 1B1.13(b)(1)(B)(i), in that he suffers from a serious physical or medical condition which substantially diminishes his ability to care for himself in custody and from which condition he is not expected to recover.

Section 1B1.13(b) provides in relevant part as follows:

(b) <u>Extraordinary and Compelling Reasons</u>. – Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

   (1) <u>Medical Circumstances of the Defendant</u>. –

   \* \* \*

   (B) The defendant is –

   (i) suffering from a serious physical or medical condition,

   \* \* \*

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13(b)(1)(B)(i).

The medical records and other exhibits submitted by defendant establish that he meets these requirements. Defendant is confined to bed or a motorized wheelchair, and requires assistance with nearly all facets of his activities of daily living. His ability to provide self-care is minimal to non-existent. He must be turned and repositioned by medical staff at least a dozen times a day to prevent bed sores and other problems. After years of physical and occupational therapy in prison, he has limited use of his arms but not his fingers or hands; although he can hold a toothbrush or feeding utensil if it is secured in place, someone must place, secure, then remove the item for him. Toileting, bathing,

dressing, eating, and other daily activities require the full assistance of others. His immobility and catheterizations render him susceptible to various infections, which require close intervention and monitoring to prevent and treat.

Defendant's need for 24-hour care and assistance will not diminish over time, and his daily regimen of physical and occupational therapy appears directed at maintaining his current physical integrity to avoid further complications and loss. Exhibits and letters provided by defendant's family show that they are prepared for his return, are ready to meet his challenging medical and physical needs, and anticipate being able to care for him at home.

The Court finds that defendant's quadriplegia is a serious physical and medical condition that substantially diminishes his ability to provide self-care in prison and from which he is not expected to recover. His condition constitutes an extraordinary and compelling reason for his compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b)(1)(B)(i).

*Sentencing Factors*

The Court can only grant compassionate relief "after considering the factors set forth in section 3553(a)," to the extent they are applicable. 18 U.S.C. § 3582(c)(1)(A). Under section 3553(a)(2), the Court must consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal

conduct; [and] (C) to protect the public from further crimes of the defendant[.]" Under section 3553(a), federal courts must impose sentences "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a).

Defendant's criminal actions underlying his convictions and sentences in this case are, without question, troubling, and the nature and circumstances of the offenses and history and characteristics of defendant weigh against release. However, in considering the seriousness of the offenses, respect for the law, and providing a just punishment, the Court notes that defendant has served nearly nine years in prison, six of those years as a quadriplegic. While this is not a significant portion of the 35-plus-year sentence imposed by the Court in 2015, the Court notes that 300 months of defendant's 430-month sentence were mandated by his second, simultaneous conviction for brandishing a firearm in relation to a crime of violence, pursuant to 18 U.S.C. § 924(c)(1).[3] As argued by defendant, his sentence would be substantially lowered by half if he were sentenced today – an aggregate 214 months (17.8 years) versus 430 months (35.8 years). At the time defendant was sentenced in 2015, "section 924(c) stacking" required courts to impose a mandatory consecutive minimum sentence of 25 years in the case of a second section 924(c) conviction

---

[3]The Court imposed a 46-month sentence for interference with interstate commerce by means of robbery under 18 U.S.C. § 1951(a), followed by a consecutive 84-month term for brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii), for a total of 130 months. The Court then added the required consecutive 300-month sentence for the second conviction for brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii) and 924(c)(1)(C)(i), bringing the aggregate total to a 430-month sentence. (Docket Entry No. 48.)

for first-time offenders. *See Deal v. United States*, 508 U.S. 129 (1993). In 2018, section 403(a) of the First Step Act clarified that the 25-year enhancement is triggered only by a section 924(c) conviction occurring after the initial second 924(c) conviction "has become final." In practice, section 403(a) of the First Step Act ended section 924(c) stacking because first-time offenders no longer received the 25-year stacked sentence enhancement for multiple section 924(c) convictions in the same proceeding, as occurred here in defendant's 2015 sentencing. However, with limited exceptions, courts have routinely interpreted the provision as non-retroactive for purposes of sentence reductions. *See United States v. Chen*, 48 F.4th 1092, 1094 (9th Cir. 2022).

If defendant were sentenced today, his sentence would not include the 300-month section 924(c) stacking enhancement, and his sentence would be significantly lower than his current term of imprisonment. Defendant committed serious crimes. But he has now already served a serious sentence for his conduct. Defendant's 430-month sentence is grossly disparate to the sentences imposed for similar conduct under current law, and far exceeds that which is necessary to achieve the ends of justice.

Moreover, and despite his physical limitations, defendant has taken steps toward rehabilitation through completion of adult education course work (Docket Entry No. 120, Exhibit X) and earning certificates of academic achievement. *Id.*, Exhibit Y.

Consequently, the Court finds that a time-served sentence would provide just punishment for the offenses, as required under section 3553(a)(2)(A), serve as an adequate

deterrent to criminal conduct, as required under section 3553(a)(2)(B), and protect the public, in accordance with section 3553(a)(2)(C).

The Court further finds that, given his medical conditions and physical limitations, defendant would present no danger to the community or any person if granted a compassionate release.

## *Conclusion*

For the reasons set forth above, defendant's motion for a compassionate release under 18 U.S.C. § 3582(C)(1)(A) (Docket Entry No. 120) is GRANTED. Defendant's sentence of confinement is REDUCED to time served; all other portions of defendant's sentence remain intact. An amended judgement will be entered separately. The BOP is ORDERED to release defendant from custody within THIRTY DAYS from date of this order.

Signed at Houston, Texas, on September 5, 2024.

Gray H. Miller
Senior United States District Judge